

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MAISURADZE,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.:  3:26-cv-01480-CAB-AHG<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS AND DENYING TRO AS MOOT**<br><br>[Doc. Nos. 1, 2] |

Petitioner George Maisuradze ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner also filed a related motion for a temporary restraining order.  [Doc. No. 2 ("TRO").]  Petitioner entered the United States on December 24, 2021 after fleeing the country of Georgia.  [Petition at 2.]  Petitioner was released from custody on his own recognizance under 8 U.S.C. § 1226(a).  [*Id.*]  On February 21, 2026, Petitioner alleges he was arrested by Immigration and Customs Enforcement ("ICE") while driving home.  [*Id.* at 2, 19.]

## I.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the

1

Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## II.   DISCUSSION

Respondents do not contest any of Petitioners' asserted facts.  [Doc. No. 5.]  Nor do Respondents make any legal arguments against Petitioner's claims that his detention violates the Fourth Amendment, the Due Process Clause of the Fifth Amendment, or the Immigration and Nationality Act.  Instead, Respondents say that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a).

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  This protection applies to noncitizens as it does to U.S. citizens.  *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]"  *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases).  Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

In *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), the government violated a noncitizen parolee's Fifth Amendment due process rights when the government revoked his parole by sending a mass electronic notification one morning and arresting him later that day at his immigration hearing.  *Id.* at 1155, 1167.  The *Noori* court thus held that he

had a "protectable expectation of his due process rights in his removal proceedings . . . and was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." *Id.* at 1165.

Here, Petitioner received even less due process than the *Noori* petitioner. Petitioner received no notification or individualized reason as to why ICE re-detained him on February 21, 2026. Nor have Respondents explained, even after the fact, what circumstances have changed to warrant Petitioner's re-detention.

### III.    CONCLUSION

In light of Petitioner's unrefuted facts and legal claims, and Respondents' non sequitur response, the Court **GRANTS** the writ of habeas corpus. The Court **ORDERS** Respondents to immediately release George Maisuradze from custody under the same conditions which existed immediately prior to Petitioner's detention on February 21, 2026.

In light of the foregoing, the TRO is **DENIED AS MOOT**.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated:  March 23, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3

3:26-cv-01480-CAB-AHG